# In the United States Court of Federal Claims

No. 24-1954C
(Filed: September 11, 2025)
**NOT FOR PUBLICATION**

```
*****************************************
KOSHY MATHAI, M.D.,                     *
                                        *
                Plaintiff,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
                                        *
*****************************************
```

## OPINION AND ORDER

Plaintiff Koshy Mathai, proceeding *pro se*, claims that the United States has taken his property — specifically, his work as a doctor for the Department of Veterans Affairs — without just compensation. *See* Am. Compl. (ECF 13). The government has moved to dismiss for failure to state a claim upon which relief can be granted. *See* Mot. (ECF 14); Resp. (ECF 15); Reply (ECF 16); *see also* RCFC 12(b)(6). Plaintiff has moved for leave to file a surreply under seal. *See* Mot. for Leave (ECF 18). The motion to dismiss (ECF 14) is **GRANTED**. The motion for leave to file a surreply under seal (ECF 18) is **DENIED**.

To begin with the surreply, Plaintiff argues that filing certain exhibits publicly "risks harm and prejudice to parallel administrative proceedings where witnesses' testimony and documentary evidence are still forthcoming." *See* Resp. to Show Cause Order (ECF 19). That explanation is too generic to justify confidentiality for particular documents presented to the Court. In addition, "desire to prevent the use of [one case's] record in other proceedings is simply not an adequate justification for its sealing." *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985); *see also In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 10 (D.D.C. 2013). And the documents attached to the surreply appear to be government documents, many of which are public records that cannot be sealed when considered by the Court. *See Air Borealis Ltd. P'ship v. United States*, 167 Fed. Cl. 370, 370 n.* (2023). Plaintiff's explanation is therefore insufficient to justify filing a surreply under seal. Because I have not considered the proposed surreply or its exhibits, the motion for leave (ECF 18) may remain under seal.

To survive a motion to dismiss for failure to state a claim, Plaintiff must sufficiently "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Taking the Amended Complaint's well-pleaded facts as true, *see Iqbal*, 556 U.S. at 678, Plaintiff has alleged that he accepted employment in a particular department of the Veterans Affairs ("VA") healthcare system, having been told that he would be eligible for a "retention incentive" as part of his compensation. Am. Compl. at 4. After a "realignment" in the system, he found himself working in a different department, and was not paid the retention incentive. *Id.* at 3–4, 8. He therefore alleges that he was brought into the VA "for [a] purpose other than what [he] was hired for." *Id.* at 10. He seeks compensation based on what he would have been paid if he had made "other job choices … over the life of [his] career[.]" *Id.* at 3.

The Takings Clause of the Fifth Amendment provides that when the government takes property for public use, it must pay just compensation. *See* U.S. Const. amend. V. This Court has jurisdiction to consider such claims. *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). But the Federal Circuit has explained that federal employment, and its associated salary and benefits, are not property for constitutional purposes:

> [A] statutory right to be paid money, at least in the context of federal employee compensation and benefit entitlement statutes, is not a property interest for purposes of the Takings Clause. … We decline to treat a statutory right to be paid money as a legally-recognized property interest, as we would real property, physical property, or intellectual property.

*Adams v. United States*, 391 F.3d 1212, 1225 (Fed. Cir. 2004). Plaintiff's expectations about the terms and compensation of his employment therefore are not property and cannot be the subject of a claim for just compensation under the Takings Clause.

Plaintiff may mean to argue that the government breached obligations to him by denying the employment setting and retention incentive he was allegedly told to expect. But Plaintiff's employment was "governed exclusively by statute," not by contract or other external sources of law. *Adams*, 391 F.3d at 1221; *see also Collier v. United States*, 56 Fed. Cl. 354, 356 (2003), *aff'd*, 379 F.3d 1330 (Fed. Cir. 2004); *Brockmeier v. United States*, No. 21-917C, 2021 WL 2555489, at *2 (Fed. Cl. June 22, 2021) (citing *Butler v. Pennsylvania*, 51 U.S. 402, 416 (1850)). Contract-based claims by government appointees, for example, must be dismissed under RCFC 12(b)(1) for lack of jurisdiction. *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995). A

- 3 -

federal employee's expectations of particular terms of employment are entirely contingent on the legal structure governing the appointment. As long as the government follows the law in setting and changing terms of employment, the employee's prior expectations have no legal force. *Shaw v. United States*, 226 Ct. Cl. 240, 251 (1981). Though Plaintiff believes he deserved a retention incentive, Plaintiff appears to waive any claim that the government violated the law. *See* Am. Compl. at 3 ("This deprivation did not stem from unlawful conduct[.]").

## CONCLUSION

Defendant's Motion to Dismiss (ECF 14) is **GRANTED**, and Plaintiff's Motion for Leave to File Sur-reply Under Seal (ECF 18) is **DENIED**. The case is **DISMISSED** for failure to state a claim.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge